BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-MC-00018-MCE-DAD |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $4,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 28, 2012, agents with the United States Postal Inspection Service ("USPIS") intercepted a suspicious package being sent to 6780 Pradera Mesa Drive, Sacramento, California.  The package contained approximately $4,000.00 in U.S. Currency ("defendant currency").  The USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 12, 2012, the USPIS received a valid claim from Gretchen Lenore Smith-Klainer asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that in September 28, 2012, inspectors with the USPIS intercepted a suspicious package being

1

1  sent to 6780 Pradera Mesa Drive, Sacramento, California.  There were no names on
2  either the sender or addressee portion of the label and it did contain a business account
3  number.  The package was also subjected to a drug-detection canine who exhibited a
4  change in behavior when she came across the subject package.  This is consistent with
5  the presence of the scent of a controlled substance.

6      3.    The United States could further show at trial that the inspectors took the
7  parcel to the address and interviewed the intended recipient, Daniel Smith ("Smith").
8  Smith told the inspectors that his mother, Gretchen Lenore Smith-Klainer, sends him
9  cash from Virginia and that she usually sends hundreds of dollars not thousands of
10 dollars.  Smith also told the inspectors that there were possibly cigarettes in the
11 package.  Smith gave the inspectors permission to open the package and inside an
12 empty carton of menthol cigarettes was a sealed plastic bag containing the defendant
13 currency.  Smith told the inspectors that the money was from a trust fund of his and
14 that his mother probably stored the cash next to her marijuana in her safe.  Smith
15 indicated that the money was not his and signed a Disclaimer of Ownership form.
16 Smith declined delivery of the package.

17     4.    The United States could further show at a forfeiture trial that the
18 defendant currency are forfeitable to the United States pursuant to 21 U.S.C. §
19 881(a)(6).

20     5.    Without admitting the truth of the factual assertions contained in this
21 stipulation, Gretchen Lenore Smith-Klainer specifically denying the same, and for the
22 purpose of reaching an amicable resolution and compromise of this matter, Gretchen
23 Lenore Smith-Klainer agrees that an adequate factual basis exists to support forfeiture
24 of the defendant currency.  Gretchen Lenore Smith-Klainer hereby acknowledges that
25 she is the sole owner of the defendant currency, and that no other person or entity has
26 any legitimate claim of interest therein.  Should any person or entity institute any kind
27 of claim or action against the government with regard to its forfeiture of the defendant
28 currency, Gretchen Lenore Smith-Klainer shall hold harmless and indemnify the

United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $1,500.00 of the $4,000.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. § 881(a)(6), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $2,500.00 of the $4,000.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to potential claimant Gretchen Lenore Smith-Klainer.

12. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed

herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated: March 8, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

Dated: March 8, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE